NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FLAVIO DA SILVA
PEREIRA; LEILIANE FRITZ
MACEDO; VICTOR HUGO FRITZ
PEREIRA; KEVEN LUCA FRITZ
PEREIRA,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-3583

Agency Nos.
A220-755-798
A220-755-799
A220-755-800
A220-755-801

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2025[**]
Seattle, Washington

Before: W. FLETCHER and NGUYEN, Circuit Judges, and BENNETT, Senior
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Richard D. Bennett, United States Senior District
Judge for the District of Maryland, sitting by designation.

Petitioners Flavio da Silva Pereira, his wife Leiliane Fritz Macedo, and their two minor children V.H. Fritz Pereira and K.L. Fritz Pereira (collectively, "Petitioners") appeal the Board of Immigration Appeals ("BIA") decision dismissing their appeal from the Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Also pending is Petitioners' motion for a stay of removal. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

We have jurisdiction under 8 U.S.C. § 1252. Because the BIA adopted the IJ's analysis by citing *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1992), and provided additional analysis addressing Petitioners' contentions on appeal, "we review both the BIA and IJ's decisions." *Posos-Sanchez v. Garland*, 3 F.4th 1176, 1182 (9th Cir. 2021). The agency's findings of fact are reviewed for substantial evidence. *Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005). The BIA's determination of purely legal questions, including claims of a due process violation, is reviewed de novo. *See Vazquez Romero v. Garland*, 999 F.3d 656, 662 (9th Cir. 2021).

Because we find that (1) substantial evidence supports the IJ's denial of asylum, withholding of removal, and protection under CAT, and (2) the BIA correctly determined that the transcription errors and delay in the IJ's electronic

2                                                    23-3583

signature did not prejudice Petitioners, we deny the petition for review and deny the motion for stay of removal.

1. To qualify for asylum, "the applicant must show that '(1) [her] treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control.'" *Plancarte Sauceda v. Garland*, 23 F.4th 824, 832 (9th Cir. 2022) (alteration in original) (quoting *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010)); *see also* 8 C.F.R. § 1208.13(b). Withholding of removal imposes a more stringent standard, requiring the applicant to show that it is "more likely than not" that he would face persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).[1] CAT provides mandatory relief for any immigrant who can demonstrate that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Hamoui v. Ashcroft*, 389 F.3d 821, 826 (9th Cir. 2004) (quoting 8 C.F.R. § 208.16(c)(2)); *accord Khup v. Ashcroft*, 376 F.3d 898, 907 (9th Cir. 2004) (requiring "at least a 51% chance" of torture). Torture "is more severe than persecution." *Nuru*, 404 F.3d at 1224.

---

[1] *Compare INS v. Cardoza-Fonseca*, 480 U.S. 421, 440 (1987) (10% possibility of persecution for asylum), *with Barajas-Romero*, 846 F.3d at 360 (greater than 50% for withholding).

23-3583

Petitioners admit that they suffered neither direct threats nor physical harm while in Brazil, and their family members, including Marciano Fritz himself, remain in Brazil unharmed. As such, substantial evidence supports the IJ's conclusions that Petitioners did not suffer past persecution, did not establish a reasonable fear of future persecution, and, consequently, did not establish a probability of future torture. *Wakkary v. Holder*, 558 F.3d 1049, 1059 (9th Cir. 2009); *see Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020) ("An applicant who fails to satisfy the lower standard for asylum necessarily fails to satisfy the more demanding standard for withholding of removal . . . ."); *see also Nuru*, 404 F.3d at 1218–19; *Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir. 2001); 8 C.F.R. § 1208.16(c)(3).

2. Petitioners further contend that the appearance of the word "untranslated" fifteen times in the transcript of their immigration proceedings and the delay between the IJ's oral decision and his electronic signature constitute due process violations. To establish a due process violation, a petitioner must show: (1) the proceeding before the immigration judge was so fundamentally unfair that they cannot reasonably present their case, and (2) the violation resulted in prejudice such that "the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)).

The untranslated language in the transcript did not relate to Petitioners' merits hearing or their substantive testimony, which formed the basis of the IJ's decision. As such, the mistranslations could not have affected the outcome of Petitioners' case, which was based on their fully translated testimony at their merits hearing. Similarly, Petitioners do not show they were in any way prejudiced by the delay between the IJ's oral opinion and his electronic signature. *See* 8 C.F.R. 1003.5(a) ("[T]he immigration judge shall review the transcript and approve the decision within 14 days of receipt, or within 7 days after the immigration judge returns to their duty station if the immigration judge was on leave or detailed to another location."). There is no dispute regarding the timeliness of Petitioners' appeal to the BIA, and Petitioners received the electronically signed written transcription of the IJ's oral decision together with the BIA's notice of their briefing schedule. Accordingly, Petitioners have not shown that the delayed signature or the untranslated statements substantively affected the outcome of their proceedings or resulted in fundamental unfairness. *Ibarra-Flores*, 439 F.3d at 620–21.

**PETITION DENIED.**